IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 1:17cr00005 |
| | ) | **Electronic Filing** |
| **ROBERT EARL NOBLE** | ) | |

## OPINION

### I. Introduction

This matter is before the Court upon a Motion to Compel (Doc. No. 32) filed by Defendant Robert Earl Noble ("Defendant" or "Noble"). In his Motion, Noble requests that this Court order the government to disclose the identity of a confidential informant who participated in two controlled purchases of narcotics prior to the search of Noble's residence. For the reasons that follow, Noble's request will be denied.

### II. Factual Background

In a one-count indictment, the United States charged Noble with possession with intent to distribute 28 grams or more of cocaine base, the form commonly known as crack, on or about December 1, 2016, in violation of Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(B)(iii). Noble's indictment resulted from the execution of a search warrant at his residence that produced the amount of crack cocaine at issue.

The warrant authorizing the search of Noble's residence was supported by an affidavit from Detective Jason Triana describing two controlled purchases of cocaine that occurred between a confidential informant ("CI") and Noble within the previous two-weeks. Prior to each

purchase, the CI was searched and no money or contraband was detected.  The CI was then given an amount of marked money with which to make the purchase.  Both Noble and the CI were observed by police officers throughout the transaction, and the marked money was found on Noble during the execution of the search.

The controlled purchases were used in the affidavit to provide probable cause for the search of Noble's residence, but Noble has not been charged with distributing crack cocaine on those occasions.  Nonetheless, Noble's motion seeks to discover the identity of the CI because he contends that he "may have evidence of an alibi, i.e., that he was not at the place(s) on the date(s) and/or time(s)" alleged.  (Doc. No. 32 at 2).  Noble contends that, if proven, this alibi would render the allegations in the Affidavit of Probable Cause "willfully false" and lead to a successful suppression motion.

### III.     Analysis

The United States Supreme Court has "long recognized the government's right to withhold the identity of informants from defendants." United States v. Gayle, 400 F. App'x 689, 691 (3d Cir. 2010) (citing Roviaro v. United States, 353 U.S. 53, 77 (1957)).  This qualified privilege, however, must give way "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause . . . ." Roviaro, 353 U.S. at 60-61; accord McCray v. Illinois, 386 U.S. 300, 310 (1967).  In determining whether the privilege is overcome, the defendant bears the burden of demonstrating a "specific need" for the disclosure of the informant's identity. United States v. Jiles, 658 F.2d 194, 197 (3d Cir. 1981).  The court's undertaking, in turn, is to "balance[e] the public interest in protecting the flow of information

against the individual's right to prepare his defense." Roviaro, 353 U.S. at 62. The court should also take into consideration "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Jiles, 658 F.2d at 197.

Noble suggests that disclosure of the specific times and places of the controlled buys "may" lead to evidence of an alibi, depending on the specific dates, times and places. However, "mere speculation" that the informant's testimony would be "helpful to [a] defendant's case" is "not sufficient" to overcome the government's interest in protecting an informant's confidentiality. Jiles, 658 F.2d at 197. Rather, the defendant must "indicate some concrete circumstances that might justify overcoming both the public interest in encouraging the flow of information and the informant's private interest in his own safety." United States v. Collins, 2013 WL 12202655, at *2 (W.D. Pa. Apr. 9, 2013) (quoting United States v. Robles, 814 F. Supp. 1233, 1240 (E.D. Pa. 1993)).

Although Noble speculates that he may be able to obtain evidence to support an alibi defense, he has not articulated, with any clarity, the "specific need" for this information. Indeed, Noble is already aware that each of the controlled buys occurred within a two-week period, and the latter one occurred within 48 hours of search. This window is sufficiently narrow to permit Noble to articulate to the Court any specific alibi defense he hopes to support. Because he has failed to do so, his motion must be denied. See, e.g., United States v. Stanton, 566 F. App'x 166, 168 (3d Cir. 2014) (holding that defendant's generalized "hope[] that the identity of the confidential informants would provide a basis for a hearing under Franks" was insufficient to compel disclosure); United States v. Rivera, 524 F. App'x 821, 827 (3d Cir. 2013) (denying motion to compel disclosure of a confidential informant based on defendant's "specula[tion] that the informant who completed the controlled buys would admit that the seller had not been

3

Rivera"); United States v. Taylor, 2018 WL 1960669, at *5 (M.D. Pa. Apr. 26, 2018) (denying motion to compel where "neither defendant [met] his burden of showing a specific need for the informants' identities" but instead "only generally speculate[d] that the testimony of the informants would help their cases and possibly reveal exculpatory evidence"). See also United States v. Murel, 502 F. App'x 291, 293 (4th Cir. 2012) ("Murel has offered nothing more than rank speculation as to how disclosure of the identity of the confidential informant would have been relevant to his defense; therefore, he has failed to carry his burden on this issue.").

Courts have also repeatedly emphasized that a defendant's need to learn the identity of an informant is less compelling in a pretrial suppression hearing than at trial. As noted by the Third Circuit, "when disclosure is sought 'in the hope' that it 'will lead to evidence that will help [a defendant] make a Franks showing[,]'" then the "Roviaro balance will tend to tip against disclosing the informant's identity." United States v. Stanton, 566 F. App'x 166 (3d Cir. 2014) (citing United States v. Brown, 3 F.3d 673, 679 (3d Cir. 1993) (discussing Franks v. Delaware, 438 U.S. 154 (1978)). See also United States v. Pitts, 655 F. App'x 78, 81 (3d Cir. 2016) ("When a confidential informant's involvement in a case merely goes to probable cause for a search" then "disclosure of his identity is not required."); Rivera, 524 F. App'x at 827 ("Because the record suggests that the informants' roles were limited to validating the search, which is not a sufficient purpose to compel disclosure of their identity, the District Court did not abuse its discretion when it declined to compel the disclosure.") (internal citation omitted); United States v. Bazzano, 712 F.2d 826, 839 (3d Cir. 1983) (noting that, when the informant's role relates to probable cause, disclosure is usually not required). This is particularly true where the information the defendant hopes to obtain is not part of the charged conduct. See United States v. Gayle, 400 F. App'x 689, 691 (3d Cir. 2010) (concluding that the defendant's interest in the

identity of the informant was not "relevant and helpful" to his defense because, *inter alia*, "he was not charged with the controlled buys in the indictment, but only with guns and drugs discovered later"); Murel, 502 F. App'x at 293 ("Of significant importance to our [decision not to compel disclosure of the informant's identity] is the fact that although the confidential informant participated in the controlled purchase which resulted in Murel's arrest and issuance of the search warrant for his residence, Murel's participation in the controlled purchase is not the subject of his instant offenses.").

Finally, we note that refusing to disclose the specific dates and times of the controlled purchases is not significant within the context of Noble's potential defenses. As noted above, Noble already is aware that the controlled purchases occurred within a narrow timeframe and currently has the ability to assert his alibis by presenting his evidence of the dates and times within that window when he could not have participated in the controlled purchases. He may also challenge the testimony of the officers who identified him during the purchases. Faced with a similar scenario, the Third Circuit held that disclosure of the identity of a confidential informant was not warranted:

> The District Court concluded that while it may have been somewhat relevant and helpful to Gayle's defense, Gayle's interest did not meet the required standard, because it was not essential to a fair determination of his case, given the fact that he was not charged with the controlled buys in the indictment, but only with guns and drugs discovered later. The officer who observed the controlled buys took the stand and was available for questioning on all aspects of the buys. The buys resulted in identifications, by not only the informant, but also the officer, who, based on his observations of the buys, later identified Gayle through police photos. Finally, the cash from the transactions was found on Gayle during the search. In light of this substantial amount of evidence in support of the warrant and the identification of Gayle, as well as Gayle's opportunity to question the officer on the stand, and with the protective policy of informants long held by this Court in mind, it was not an abuse of discretion for the District Court to conclude that Gayle's

5

>interest in the identity of the informant was not sufficient to require disclosure to induce the release of the identity of the informant.

Gayle, 400 F. App'x at 691. We reach the same conclusion here.[1]

### IV.     Conclusion

In light of the foregoing, Defendants' Motion to Compel (Doc. No. 32) will be denied.

Date: September 20, 2018

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

---

[1] We also reject Noble's contention that the confidential informant's identity can be protected by ordering the government to disclose only the times and dates of the purchases without naming the informant. It is well-established that "[t]he privilege identified in Roviaro protects more than just the name of the informant and extends to information that would tend to reveal the identity of the informant." United States v. Napier, 436 F.3d 1133, 1136 (9th Cir. 2006) (citing Roviaro, 353 U.S. at 59-60). After all, a defendant who learns "the date of the controlled buy, or the amount of money used in it" has only to "search his memory and recall to whom he sold drugs on that day and/or for that amount." United States v. Wilburn, 581 F.3d 618, 624 (7th Cir. 2009). Nothing in the instant record warrants the erosion of the privilege in such a manner.