IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v. )<br>)<br>ROBERT EARL NOBLE )<br>)<br>    Defendant. ) | Criminal No. 1:17-05<br>Judge Stephanie L. Haines |

### MEMORANDUM AND ORDER OF COURT

Presently before the Court are Defendant Robert Earl Noble's Motions for Review of Detention Order (ECF Nos. 52 & 109). Defendant Robert Earl Noble ("Defendant") requests this Court review the order of detention pending trial issued on November 7, 2017 (ECF 38) by the Honorable Susan Paradise Baxter, who was a United States Magistrate Judge at the time, and enter an order releasing him from pretrial custody with certain conditions. The Government filed a Response in Opposition to Defendant's Motion for Review of Detention Order (ECF 111) arguing that Defendant remains a flight risk and a danger to the community, thus this Court should affirm Judge Baxter's detention order.[1] This Court held a *de novo* hearing on the matter on June 18, 2020. After careful consideration of the parties' filings, the *de novo* hearing, and the below referenced Pretrial Services Report, Defendant's Motion is denied.

---

[1] In addition to his arguments for release on bond, Defendant's Motion for Review of Detention Order filed at ECF 109 referenced the current COVID-19 pandemic. Accordingly, the Government's Response in Opposition to Defendant's Motion for Review of Detention Order (ECF 111) fully briefed the Government's position that Defendant was not entitled to release on bail in light of the COVID-19 pandemic. However, in Defendant's Sur-Reply to the Government's Response in Opposition to Defendant's Motion for Review of Detention Order (ECF 112), Defendant stated he was not making an argument for release based on COVID-19. At the *de novo* hearing on this matter held on June 18, 2020, the Court asked for Defendant to clarify whether he was raising an argument for release based on issues relating to the COVID-19 pandemic, and Defendant stated he was not raising an argument for release based on any COVD-19 issues. Therefore, this Memorandum Order will not discuss any arguments relating to COVID-19. Even if Defendant was requesting this Court to consider those issues, this Court agrees with the Government's position that Defendant is not entitled to release based on the COVID-19 pandemic on the record presently before this Court.

I. **PROCEDURAL HISTORY**

On February 14, 2017, Defendant was indicted by a federal grand jury in Erie and charged with one count of possession with intent to distribute twenty-eight (28) grams or more of crack cocaine on or about December 1, 2016. (ECF 1). The Government filed a request for detention and Defendant was arraigned, pleaded not guilty, and waived his right to a detention hearing on February 22, 2017.  (ECF Nos. 5, 14, and 15).

Upon motion of Defendant, Judge Baxter held a detention hearing on November 17, 2017, and then entered a written order of detention pending trial. (ECF Nos. 35, 36, and 38). Judge Baxter found the rebuttable presumption under 18 U.S.C. § 3142(e)(3) was triggered in this case based on the nature of the charges against Defendant, and Defendant did not introduce sufficient evidence to rebut the presumption.  (ECF 38 at 2). She further found by preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*. Along with Judge Baxter's findings made on the record at the hearing, she specified in the order the following reasons for detention: the weight of the evidence against Defendant is strong; he is subject to a lengthy period of incarceration if convicted; his prior criminal history; his participation in criminal activity while on probation, parole or supervision; his history of alcohol or substance abuse; his lack of stable residence; and his prior violations of probation, parole or supervised release. *Id*. at 2-3.

On January 17, 2018, Defendant, *pro se*, [2] moved this Court to review the detention order and requested he be released pending trial.  (ECF 52). The basis of his request was that his former attorney had failed to present evidence Defendant believed would have rebutted the presumption in favor of detention. On April 1, 2020, Defendant again filed Motion for Review of Detention

---

[2] On January 18, 2018, the Court granted Defendant's motion to proceed *pro se* in this matter, with Attorney Thomas Livingston serving as stand-by counsel. (ECF 50).

2

Order (ECF 109). On April 16, 2020, the Government filed a Response in Opposition to the Motion for Review of Detention Order filed at ECF 109 (ECF 111). Defendant filed a Sur-Reply to the Government's Response in Opposition (ECF 112). Defendant contends in his filings that he meets the criteria for immediate release on bail pending disposition of his federal prosecution. At the June 18, 2020 *de novo* hearing on his Motions for Review of Detentions Orders, Defendant's argument mainly focused on the length of his pretrial detention in light of his pending charges.

As to his plan for release, in his Sur-Reply, Defendant submits he has possible employment and steady residency. *Id*. at 8. Defendant also has submitted letters from family and friends (ECF 112 at Exhibits A-H, ECF 113 at Exhibit I, and ECF 114) which he states support his conduct, character and demeanor, express why Defendant is not a risk of flight or threat to the community, and show Defendant would not engage in the activities he is accused of if he is released. *Id*. at 9. Defendant submits that if released, he would be willing to be placed on both GPS tracking and home detention with any additional stipulations deemed necessary by the Court and proposes his sister and niece as possible custodians. *Id*.

As stated, the Government opposes Defendant's request for release pending trial. (ECF 111). The Government's Opposition states Defendant has a history of committing crimes while he is under court supervision, specifically noting that Defendant committed the instant offenses while he was on supervised release after pleading guilty to possession of a firearm by convicted felon. At the June 18, 2020 *de novo* hearing, the Government reiterated the arguments raised in its Opposition, contending that each of the four factors under 18 U.S.C. §3142(g) continue to weigh in favor of detention. (*Id.* ¶ 11). For the reasons set forth below, the Court agrees.

II.     **ANALYSIS**

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, governs release and detention

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

pending judicial proceedings. Under that Act, a defendant must be released on his personal recognizance or upon execution of an unsecured appearance bond unless the court determines that "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. §3142(b). Following a hearing, if the judicial officer finds that no condition or combination of conditions of release will reasonably assure the defendant's appearance and the safety of the community, detention must be ordered. 18 U.S.C. §3142(e). Certain cases raise a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e)(3). This rebuttable presumption applies, among others, to cases in which there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 924(c) or an offense under the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, for which the maximum term of imprisonment is ten years or more. 18 U.S.C. § 3142(e)(3). An indictment charging a defendant with committing an offense enumerated in § 3142(e)(3) is sufficient to establish probable cause triggering the rebuttable presumption. *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).

Defendant is charged in Count One with possession with the intent to distribute twenty-eight (28) grams or more of crack cocaine, which carries a penalty of not less than five (5) years and not more than forty (40) years of imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii). This charge raises the rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(e)(3).

A defendant may rebut the presumption in §3142(e) by producing "some credible evidence ... that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). The defendant's burden of production is relatively light. *United*

4

*States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994) (citation omitted). If the defendant rebuts the presumption, the burden of persuasion remains with the government. *Id.* Thus, the government bears the burden of proving that defendant presents either a risk of flight or a danger to the community.[3]

This Court exercises *de novo* review over the detention order entered by the magistrate judge. *United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985). As previously referenced, on June 18, 2020, this Court held a *de novo* hearing on Defendant's Motions for Review of Detention Orders (ECF Nos. 52 & 109). At the hearing, the Government and the Defendant indicated they were proceeding on the previously filed record evidence and pleadings, as well as their filings on this issue. In addition to the *de novo* hearing, the Court also conducted an independent examination of the record evidence and all previous pleadings and filings. The Court finds that Defendant has not introduced sufficient evidence to rebut the applicable presumption that no conditions will reasonably assure the safety of the community. The Court further concludes that, even if Defendant had met his evidentiary burden to rebut the applicable presumption, the Government presented clear and convincing evidence that pretrial detention was and is appropriately ordered in this case.

In reaching these decisions, the Court has analyzed the following four factors set forth in 18 U.S.C. §3142(g): the nature and circumstances of the offenses charged, including, *inter alia*, whether they involve a controlled substance; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person

---

[3] The Government must prove by a preponderance of the evidence that the defendant is a flight risk and that no condition or combination of conditions will assure his appearance at trial. *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986). The Government must prove by clear and convincing evidence that the defendant is a danger to the safety of any other person or the community. *United States v. Delker*, 757 F.2d 1390, 1399 (3d Cir. 1985).

or the community that would be posed by the person's release. The Court finds the evidence submitted by the Government favors the Government on each of these cited factors. First, Defendant has been indicted for a serious controlled substance offense, the conviction for which may result in the imposition of a lengthy period of incarceration (i.e. not less than five (5) years and not more than forty (40) years of imprisonment). *See* 21 U.S.C. § 841(b)(1)(B)(iii)). As such, this factor weighs against Defendant.

Second, the weight of the evidence against Defendant is strong, as reflected by the grand jury's return of the indictment which establishes probable cause that the offenses occurred. Defendant has suggested the evidence against him has been manipulated or removed from the Erie Police Department's Property Room but did not submit any evidence at the June 18, 2020 *de novo* hearing in support of this allegation. The Court is also familiar with the evidence admitted at prior hearings on Defendant's suppression motion and the Court's ruling denying the motion to suppress (ECF 92). While recognizing Defendant is presumed innocent of the charged offenses, the weight of the evidence against Defendant favors pretrial detention.

Third, with respect to Defendant's history and characteristics, Defendant's criminal history, and particularly his history of committing crimes while he is under court supervision, weigh in favor of pretrial detention. Most notably, Defendant is charged with committing the instant drug trafficking offense while he was serving a term of supervised release for his previous federal, felony conviction of possessing a firearm as a convicted felon. As previously mentioned, Defendant has submitted several letters from friends, family, and members of the community in support of his character and ability to be a law-abiding member of the community. However, the Pretrial Services Report indicates Defendant committed a series of offenses dating back to 1996, including assault, drug, and firearms offenses, most of which were committed while he was under

6

court supervision for committing previous offenses. Defendant has continued to commit crimes after his periods of incarceration for previous offenses, including when he was released on parole, which demonstrates to this Court that supervision (and even detention) has done little to deter him from engaging in criminal activity.  Other than Defendant's assertion that he would comply with being on home arrest and the conditions imposed by the Court, he has not shown he has the potential to maintain a law-abiding life if released.  *See Carbone*, 793 F.2d at 560.

With that said, Defendant suggests he can be placed on home detention and "GPS" monitoring and appears to list two individuals as possible custodians. (ECF 112 at 9). However, "the mere fact that a relative or other individual is willing to serve as a third party custodian for a defendant is not sufficient to justify release on such conditions but is among the factors to be considered when evaluating whether release or detention is appropriate in a given case*." United States v. Bey*, Crim. No. 15-87, 2015 WL 7176340, at *5 (W.D. Pa. Nov. 13, 2015). Notwithstanding Defendant's suggestion of possible third party custodians, there is no evidence before the Court to show that such individuals could adequately supervise a Defendant who is charged with a serious drug trafficking offense and who has a history of committing crimes while under court supervision.

As to the final factor, the nature and seriousness of the danger to the community that would be posed by Defendant's release likewise favors pretrial detention in this case.  Drug trafficking poses a substantial risk of harm to the community, particularly the trafficking of dangerous and addictive drugs like crack cocaine. *See United States v. Gibson*, 481 F.Supp.2d 419, 423 (W.D. Pa. 2007) ("violence is not the only danger to the community this court must consider.  The court must also consider the danger of trafficking in illicit drugs.").  Additionally, as previously noted, this offense was committed while Defendant was on federal supervised release. Therefore, this

final factor weighs strongly in favor of detention.

Defendant has raised the argument he is entitled to release based on excessive pretrial detention. The Court of Appeals for the Third Circuit has recognized that "at some point due process may require a release from pretrial detention," and "a determination under the Bail Reform Act that detention is necessary is without prejudice to a defendant petitioning for release at a subsequent time on due process grounds." *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986). When considering a motion to reconsider an order of detention, a court must consider the "factors relevant in the initial detention determination, such as the seriousness of the charges, the strength of the government's proof that defendant poses a risk of flight or a danger to the community, and the strength of the government's case on the merits," as well as the "length of detention that has in fact occurred, the complexity of the case, and whether the strategy of one side or the other has needlessly added to the complexity." *Id*. The length of the detention is critical due to the "crucial liberty interest at stake." *United States v. Suppa*, 799 F.2d 115, 120 (3d Cir. 1986).

Applying the *Accetturo* factors to the evidence in this case and the record as a whole, there is still reason to conclude there is no condition or set of conditions which would reasonably assure that Defendant would not engage in illegal activity on release. As to the factors relevant in the initial detention determination, as discussed above, Defendant is charged with a serious drug trafficking offense. Moreover, Defendant's criminal history, and particularly the fact that most of his crimes were committed while he was under court supervision, strongly support there is a danger Defendant will continue in illegal activity if released on bond.

The remaining *Accetturo* factors contemplate the length of detention, the complexity of the case and whether the strategy of one side or the other has needlessly added to the complexity. *United States v. Harris*, 2011 WL 1660573, * at 16-17 (W.D. Pa. May 3, 2011). Defendant

represented at the June 18, 2020 *de novo* hearing that he has been detained for forty-one (41) months. This case does not appear to be a complex case based upon the underlying offense, however, Defendant has filed extensive motions in this matter after proceeding *pro se* and the record reflects that these motions have undeniably added to the complexity of the case. The record reflects that both the Government and Defendant have at various points sought extensions of time to file pretrial motions and to respond to the same and that there are several *pro se* motions pending with the Court. However, it is Defendant's choice to file extensive motions with the Court, the majority of which have necessitated responses and briefing from the Government. This Court also conducted a suppression hearing and held oral arguments at the request of Defendant. Ultimately, there is nothing in the record to indicate the Government has or is implementing a strategy to needlessly complicate or delay this matter, and indeed, many of the Government's filings attempt to streamline Defendant's various motions. Even considering these remaining factors as evenly balanced, the balance of the entirety of the factors is in favor of detention.

### III.   **CONCLUSION**

For the reasons detailed herein, the Court concludes that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released pending trial. Accordingly, Defendant's motions for review of detention order are denied.

An appropriate Order follows.

## **ORDER OF COURT**

AND NOW, this 26th day of June, 2020, for the reasons set forth in the Memorandum above, IT IS ORDERED that Defendant's Motions for Review of Detention Order (ECF Nos. 52 and 109) are DENIED.

*s/ Stephanie L. Haines*
Stephanie L. Haines
United States District Judge

cc/ecf:  All parties of record